UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LASH L. TURNER,

    Plaintiff,

    v.                                    Case No. 10-C-0458

MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.

**ORDER GRANTING PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

        The plaintiff, Lash L. Turner ("Turner"), filed this action on May 27, 2010, seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for benefits. Also on May 27, 2010, Turner filed a petition for leave to proceed in forma pauperis.

        In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: First, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2)(B)(i). Because this court finds that Turner has satisfied both prongs of this test, his petition for leave to proceed in forma pauperis will be granted.

        In his application and affidavit to proceed in forma pauperis, Turner avers that he is unemployed and has been unemployed since March 2009. He avers that he has $0.02 in a checking or savings account. His monthly income consists of $200.00 worth of food stamps. Turner avers, in part, as follows: "My rent is paid for by the Guest House of Milwaukee and I will eventually have to pay them back. . . . I cannot afford to get clothing or a haircut. I cannot pay the filing fee." In my view, Turner

has satisfied the requirements of 28 U.S.C. § 1915(a) and is unable to pay the $350.00 filing fee.

Turner must next demonstrate that his action has arguable merit as required by 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993). In his complaint, Turner states that he is seeking review of the Commissioner of Social Security's decision denying his application for Social Security Disability benefits for lack of disability. Turner has the right, under 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner.

The standard of review that the district court is to apply in reviewing the Commissioner's decision is whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Micus v. Bowen*, 979 F.2d 602, 604 (7th Cir. 1992); *Ehrhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992). Substantial evidence "means more that a mere scintilla of proof, instead requiring such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ehrhart*, 969 F.2d at 538 (internal quotations omitted). The court, in reviewing the Commissioner's decision, may neither substitute its judgment for the Commissioner's nor "merely rubber stamp" the Commissioner's decision. *Id*.

It would be inappropriate for the court to decide at this early juncture that Turner's claim has no basis in either law or fact. To do so would be to find that the Commissioner's decision is supported by substantial evidence without the court's even seeing any of the evidence. Therefore, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision and that his appeal may have merit as defined by 28 U.S.C. § 1915(e)(2)(B)(i).

**NOW THEREFORE IT IS ORDERED** that Turner's petition for leave to proceed in forma pauperis be and here by is **GRANTED** pursuant to 28 U.S.C. §§ 1915(a) and (e)(2)(B)(i).

**SO ORDERED** this 21st day of June 2010, at Milwaukee, Wisconsin.

                                                  **BY THE COURT:**

                                                  /s/ William E. Callahan, Jr.
                                                  WILLIAM E. CALLAHAN, JR.
                                                  United States Magistrate Judge